IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| DERRICK M. ALLEN, SR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | 1:21CV110 |
| SHERIFF CLERANCE F. BIRKHEAD, et al., | ) |  |
| Defendant(s). | ) |  |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former pretrial detainee in Durham County, North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Some of Plaintiff's claims are not sufficiently clear at this point and significant issues exist with other claims. Plaintiff seeks to name the detention center where he was formerly housed as a Defendant despite the fact that it is a building and not a person as is required for it to be a proper Defendant under § 1983. Plaintiff also appears to name certain Defendants based on their status as supervisors despite the fact that theories of *respondeat superior* or supervisory liability do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-78 (2009). Most of the allegations in the Complaint are attributed to "institutional staff" rather than any particular person. Plaintiff must make clear which particular person he alleges violated his rights. Finally, one of two actions in the Complaint attributed to a particular person is that whenever Plaintiff asked for "eucrin cream," Defendant Ms. Slade distributed it to other inmates before Plaintiff or denied him the cream. However, the Complaint contains no facts showing that Plaintiff was constitutionally entitled to the cream or that the denial of the cream somehow violated his rights. He must make these facts clear. The other specifically attributed allegation is that on one occasion Plaintiff was using the phone when two gang members

approached him.  For reasons that are not clear, Defendant "Ofc. Bruggest/Burt" allegedly then took Plaintiff to a cell but did not take the gang members to one.  The Complaint is not clear or detailed as to why this occurred or how it violated Plaintiff's federal constitutional rights.  Plaintiff must make his claims clear to the Court and to any potential Defendants.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint.  To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.  The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 9th day of August, 2021.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**